IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE COOK, JR.,

    Petitioner,                    No. 2:13-cv-0126 GEB EFB P

    vs.

GARY SWARTHOUT,[1]

    Respondent.               ORDER

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 3, 2013, petitioner filed a request for entry of default against Michael Patrick Farrell, Senior Assistant Attorney General for the State of California. Dckt. No. 14. The Clerk of the Court declined to enter default against Michael Patrick Farrell because he is not the respondent in this action. Dckt. No. 15. Petitioner now requests that Clerk's decision be reconsidered and that default be entered against Justain Paul Riley, counsel for respondent. Dckt. No. 17. Petitioner's request must be denied.

---

[1] "Warden" was previously named as respondent. Gary Swarthout is the warden of the California State Prison, Solano, where petitioner is confined. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Accordingly, the court now substitutes in Gary Swarthout as the respondent.

1

In his request for reconsideration, petitioner once again fails to name the proper respondent. Petitioner also failed to name the proper respondent when initiating this action. The only proper respondent in this action is the state officer having custody of him, which is currently Gary Swarthout. *See Stanley*, 21 F.3d at 360.

Nevertheless, entry of default would have been inappropriate in this case had petitioner named Gary Swarthout as the respondent. Petitioner contends that he is entitled to entry of default based on respondent's failure to timely file a response to the petition. Dckt. No. 14. On January 30, 2013, the undersigned ordered respondent to file a response to the petition within 60 days. On April 2, 2013, respondent timely filed a request for an extension of time to file a responsive pleading. Fed. R. Civ. P. 6(a)(6), (b). That request was granted on April 3, 2013 and the date for filing a responsive pleading was extended to May 2, 2013. Respondent timely filed a motion to dismiss on May 2, 2013, and petitioner is not entitled to entry of default against respondent.

Accordingly, it is hereby ORDERED that petitioner's request for reconsideration, Dckt. No. 17, is denied.

Dated: May 10, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE