UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE COOK, JR., | No. 2:13-cv-126-GEB-EFB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GARY SWARTHOUT, | |
| Respondent. | |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss this action on the grounds that the petition is second or successive and is untimely. ECF No. 18. Petitioner opposes the motion, and respondent has filed a reply. ECF Nos. 23, 24. As explained below, the petition is second or successive, and this court lacks jurisdiction to consider it. Therefore, respondent's motion to dismiss must be granted.

A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147 (2007); *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from

1

the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton*, 549 U.S. 147.

In the present action, petitioner challenges his June 10, 2003 conviction in the Yolo County Superior Court, of second degree murder, discharging a firearm in a grossly negligent fashion, possessing a firearm within ten years of a criminal conviction and carrying a loaded firearm in a public place or a vehicle after a criminal conviction, and the resulting sentence, imposed on April 11, 2003, of an indeterminate state prison term of forty years to life. *See* ECF No. 1 at 1-2, 35-36 (Amended Abstract of Judgment, Case No. 02-2141). The court's records reveal that petitioner has previously filed an application for a writ of habeas corpus attacking the 2003 conviction and forty-year sentence challenged in this case. *See Cook v. Clark*, No. 2:06-cv-2110-MMS (E.D. Cal.) ("*Cook*"), Petition, ECF No. 1 at 1 (challenging 2003 Yolo County sentence of 40 years to life), 14 (referencing Yolo County Superior Court Case No 02-2141). In *Cook*, the court considered petitioner's challenge to his 2003 conviction and denied the petition on its merits. *See id.*, ECF No. 22 (Apr. 7, 2009 order denying habeas relief); ECF No. 23 (Dec. 20, 2011 Order denying petitioner's motion for relief from judgment). Again, in 2011, petitioner challenged the same conviction and sentence. *See Cook v. Warden*, 2:11-cv-0019-KJN (E.D. Cal.), Petition, ECF No. 1 at 1. On February 18, 2011, the court dismissed the petition without prejudice to petitioner first obtaining permission from the U.S. Court of Appeals for the Ninth Circuit to file a second or successive petition. *Id.*, ECF No. 7; ECF No. 10 (Feb. 7, 2012 Order denying petitioner's motion for relief from judgment).

Because petitioner challenges the same judgment now that he previously challenged and which was adjudicated on the merits, the petition now pending is second or successive. Petitioner offers no evidence that the appellate court has authorized this court to consider a second or successive petition.[1] Since petitioner has not demonstrated that the appellate court has authorized this court to consider a second or successive petition, this action must be dismissed for lack of

/////

---

[1] To the contrary, respondent submits a July 8, 2011 order from the Court of Appeals, denying petitioner's application to file a second or successive petition. ECF No. 19, Lodged Doc. 28.

jurisdiction. *See Burton*, 549 U.S. 147; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).

Accordingly, it is hereby RECOMMENDED that respondent's motion to dismiss (ECF No. 18) be granted and that this action be dismissed for lack of jurisdiction as second or successive.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: November 19, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE